UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 10-CV-19-HRW

BENNIE L. GAMBLE                                                                              PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

KENNETH HELTON, ET AL.                                                               DEFENDANTS

      Bennie L. Gamble, Jr., is confined in the Little Sandy Correctional Complex ("LSCC") which is located in Sandy Hook, Kentucky. Gamble, proceeding *pro se*, has filed a civil right complaint action under 42 U.S.C. § 1983. The named defendants are: (1) Keith Helton, Unit Administrator at the LSCC; (2) Rebecca Lewis, Correctional Officer at the LSCC; (3) "Unknown Employee" of the Sandy Hook Post Office; (4) Joseph P. Meko, Warden of the LSCC; and (5) Holly Goodpaster, Internal Affairs Officer at the LSCC.

      This matter is before the Court for initial screening. Because this is a civil action that is being pursued by a prisoner against government officers, the Court must screen Gamble's claims under 28 U.S.C. § 1915A. Additionally, the Court screens Gamble's claims under 28 U.S.C. § 1915(e) since the plaintiff is proceeding in forma pauperis. Both of these sections require the Court to screen the Complaint and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *Id*. §§ 1915(e) & 1915A(b). By separate order, the Court has granted the plaintiff's motion to proceed *in forma pauperis*.

      As this is a *pro se* complaint, it is held to less stringent standards than those drafted by

attorneys. *See Wagenknect v. United States*, 533 F.3d 412, 415 (6th Cir. 2008) (quoting *Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983)). During the screening phase, the allegations in a pro se complaint must be taken as true and construed in favor of the plaintiff. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003)).

Gamble asserts several federal constitutional claims and state law claims and collaterally challenges a disciplinary proceeding brought against him at the LSCC, which resulted in his confinement in administrative segregation. For the reasons set forth below, Gamble's § 1983 claims will be dismissed because they do not have an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

ALLEGATIONS OF THE COMPLAINT

Gamble alleges on February 11, 2009, he asked a friend to mail a "business package and a letter for me to a business." R. 2, p. 4. Gamble states that on February 13, 2009, his friend mailed the package to an entity which he identifies as "Tri-Pyx." *Id*., p. 7. He later stated in his Complaint that "a business package was sent to Tri-Pyx Inc in the name of Bennie Gamble by an associate." *Id*.[1] Gamble alleges that the package contained a T-shirt proposal and letter to Tri-Pyx, Inc. *Id*. Gamble also states that when the package arrived at Sandy Hook's Post Office, an unknown employee removed the package from mail circulation and gave it to Keith Helton, Unit Administrator at the LSCC. *Id*., pp. 4-5. According to Gamble, Tri-Pyx, Inc. has not

---

[1] Gamble's reference to "Tri-Pyx" as the intended recipient of the package is somewhat confusing. It is unclear if the package was mailed to *him* or to the entity he identifies as "Tri-Pyx."

received the package mailed on February 11, 2009, and that as a result of the defendants' actions, he has sustained lost business opportunities and profits. *Id*., p. 9.

Gamble alleges that on February 23, 2009, Helton and Holly Goodpastor of Internal Affairs "proceeded to dissect the contents of the package; discarding and destroying parts of it. The remainder they used as evidence to convict Mr. Gamble with disciplinary reports." *Id*., pp. 7-8. He further alleges that Helton and Goodpastor made unauthorized copies of the seized contents and sent them to Rebecca Lewis, of the LSCC Adjustment Committee. *Id*., p. 8. Gamble states that he received several disciplinary reports and "went before Sgt. Rebecca Lewis, Adjustment Officer . . . where I was found guilty on all charges." *Id*., p. 9.[2]

Gamble states that he appealed his convictions to Warden Joseph Meko, who affirmed the disciplinary convictions. *Id*. He does not allege whether he filed an appeal of Warden Meko's decision to the Kentucky Department of Corrections ("KDOC") as required by KDOC Corrections Policies and Procedures 14.6 § II (J)(4).

## CLAIMS ASSERTED AND RELIEF REQUESTED

Gamble claims that he has been denied due process of law, and subjected to malicious prosecution and abuse of process in violation of the Fourteenth Amendment of the United States Constitution; that his right to privacy has been violated in contravention of the First Amendment of the United States Constitution; and that the defendants have committed various state law torts against him, *i.e.*, infliction of emotional distress, trespass to personal property, conversion, and

---

[2] Gamble did not identify either the disciplinary charges which were brought against him or the charges of which he was convicted. The Court can only speculate that the T-shirt and letter may have constituted some form of contraband which violated prison policy.

interference with economic expectations.

Gamble states that "Tri-Pyx" would like for the parties to be punished according to the law." *Id*. Gamble demands restitution and unspecified damages for "lost wages" and "lost profits" he has sustained as a result of the defendants interrupting his business venture.

DISCUSSION

Gamble alleges that a friend of his placed a package in the United States Mail service and that Postal Service employees at the Sandy Hook, Kentucky, Post Office, who did not know who he was, removed the package and handed it over to an LSCC official. Gamble states that the Postal Service employees. He offers no explanation why Postal Service employees would remove a piece of mail sent by a non-prisoner, addressed to an entity known as "Tri-Pyx, Inc.," and hand it over to prison authorities. Gamble did not attach any of the documentation from the grievance process which he claims that he partially pursued, which documentation might have explained the curiosity of these factual allegations and why he was charged with disciplinary infractions. Despite that failure, there are other grounds justifying dismissal of his claims.

1. Claims Against Unknown Postal Employee Barred

Gamble has not alleged any basis for jurisdiction over claims asserted against the unnamed postal employee. The only possible basis for jurisdiction would have been the Federal Tort Claims Act ("FTCA"), Title 28 U.S.C. §§ 1346(b), 2671-2680. The FTCA constitutes a waiver of the sovereign immunity of the United States, the Court must strictly construe it in order to prevent expanding the waiver beyond what Congress intended. *See Pipkin v. U.S. Postal Service*, 951 F.2d 272, 275 (10th Cir.1991); *Bradley v. United States*, 951 F.2d 268, 270 (10th

Cir.1991). The FTCA waiver of sovereign immunity is jurisdictional in nature. If the action is barred, a district court would lack subject matter jurisdiction.

Even if Gamble had properly invoked the FTCA, one of its exceptions to the general waiver of sovereign immunity would have barred Gamble's claims. The FTCA contains an exception for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). "As a consequence, the United States may be liable if postal employees commit torts under local law, but not for claims defined by this exception." *United States v. Dolan*, 126 S.Ct. 1252, 1256 (2006).

In short, the United States has expressly retained its sovereign immunity over claims for negligent handling of the mail. *See* 28 U.S.C. § 2680(b); *Anderson v. United States Anderson v. United States Postal Serv.*, 761 F.2d 527, 528 (9th Cir. 1985); *Winkleman v. Doe*, No. 07-98-GFVT, 2007 WL 4139713, at *6 (E.D. Ky. November 19, 2007); *Johnson v. Potter*, No. 5:06-CV-04016, 2006 WL 1302120, *3 (D.Kan. April 19, 2006). Accordingly, Gamble would not have been able to assert a viable FTCA claim against the unnamed postal employee in connection with the mishandling of his mail.

2. One-Year Statute of Limitations Bars Claims

To the extent that Gamble seeks damages from the defendants under either 42 U.S.C. § 1983 or state law, his claims appear to be time-barred. The time limitation for bringing a § 1983 action is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Kentucky Revised Statutes §

413.140(1). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir.1990). Federal law establishes that the statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500-01(6th Cir.2001).

Gamble's claims against the defendants arose on February 13, 2009. Gamble did not file this action until over one year later, on February 24, 2010. When the face of the complaint reveals that an action or claim is time barred, the claim may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007). Based on the dates provided by Gamble, his claims appear to be time-barred.

### 3. Habeas Exception Bars § 1983 Due Process Claims

Even if Gamble had asserted his claims in a timely manner, his Fourteenth Amendment due process claims, alleging malicious prosecution and abuse of process, face another barrier: the habeas exception to § 1983 claims. Section 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." 42 U.S.C. § 1983. The Supreme Court, however, has limited the availability of § 1983 actions for prisoners in a series of cases, the most pertinent of which is *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The Sixth Circuit has explained the bar that *Heck* places on § 1983 suits brought by prisoners:

> Federal courts have long recognized the potential for prisoners to evade the habeas exhaustion requirements by challenging the duration of their confinement under 42 U.S.C. § 1983, rather than by filing habeas petitions. Consequently, the Supreme Court recognized a "habeas exception" to § 1983 in *Preiser v.*

> *Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), when it held that suits challenging the fact or duration of confinement fall within the traditional scope of habeas corpus and accordingly are not cognizable under § 1983. The Court expanded the habeas exception to § 1983 in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). In *Heck*, the Court determined that, unless a prisoner's conviction or sentence were previously set aside by a separate legal or administrative action, § 1983 would not countenance claims for damages if a finding for the plaintiff would *necessarily invalidate* a conviction or sentence. And in *Balisok*, the Court concluded that a prisoner cannot use § 1983 to challenge prison procedures employed to deprive him of good-time credits when the ... procedural defect alleged would, if established, "necessarily imply the invalidity of the punishment imposed." 520 U.S. at 648, 117 S.Ct. at 1584.

*Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007) (emphasis in original).

Thus the question under *Heck* is whether Gamble's various federal and state claims would necessarily imply the invalidity of his unspecified disciplinary convictions. The Court concludes that they would. Here, Gamble claims that the defendants denied him process of law, violated his privacy by opening his mail package, confiscated and destroyed the contents thereof, engaged in abuse of process, and maliciously by prosecuted him in a disciplinary proceeding based on what they found in the seized package. Clearly, the facts which underlie his civil claims are the same facts and circumstances which underlie his disciplinary convictions.

While Gamble has failed to specify what disciplinary charged were brought against him, or of what he was convicted, he makes it fairly clear that his disciplinary convictions stemmed directly from the material seized in the mailed package. This case is materially indistinguishable from *Edwards* for two reasons: (1) Gamble has failed to obtain the reversal of either his prison disciplinary convictions or his punishment for those convictions prior to initiating this lawsuit, and (2) a judgment in favor of Gamble would necessarily imply the invalidity of his prison

7

disciplinary conviction and punishment.

Therefore, the result reached in *Edwards* must also be reached here. The appropriate method for Gamble to assert his due process claims is a habeas petition pursuant to 28 U.S.C. § 2254, not a civil rights action. *See Preiser* v. Rodriguez, 411 U.S. 475, 488-90 (1973).

### 4. First Amendment Privacy Rights Not Violated

Gamble's First Amendment privacy rights were not violated by the defendants' inspection of his incoming mail. In *Turner v. Safley*, 482 U.S. 78, 89-90(1987), the Supreme Court upheld the application of prison regulations for the censorship of incoming inmate mail so long as the censorship was reasonably related to legitimate penological interests, *i.e.*, maintaining penal safety and security. *See also Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L. Ed.2d 393 (1984) (prisoner-plaintiff has no reasonable expectation of privacy in his non-privileged mail and the prison's interest in maintaining security justifies minor burdens placed on a prisoner's freedom to communicate).

The same considerations, and additionally, the safety of the public, support the defendants' actions of examining Gamble's "business package" which may have appeared to contain contraband or illegal materials. Simply put, inmates have no expectation of privacy regarding their personal mail. *See See Powe v. Shake,* 196 F.3d 778, 782 (7th Cir.1999) ( "[P]rison security 'is a sufficiently important governmental interest to justify limitations on a prisoner's first amendment rights[ ]'.... Accordingly, we have upheld regulations authorizing prison officials to inspect incoming or outgoing non-legal mail for contraband."); *Rollock v. Stine*, No. 06-CV-61-DCR, 2006 WL 950186, at *3 (E.D. Ky. April 12, 2006) (no First

Amendment violation stated regarding inspection of prisoner's mail); *Hamilton v. Messick*, No. 03-CV-807, 2005 WL 736684, at *3 (D.Del. Mar.31, 2005) (upholding inspection of outgoing mail); *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir.1991) (upholding the inspection of incoming mail). Therefore, Gamble's right of privacy was not violated because the defendants' actions were reasonably related to legitimate concerns of the Department of Justice.

### 5. No Standing to Demand Criminal Prosecution

To the extent that Gambles seeks a criminal investigation the defendants, he lacks standing to do so and therefore states no claim. The law is well settled that 18 U.S.C. §§ 241 and 242 do not create private rights of action. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Booth v. Henson*, 290 F. App'x, 919, 920-21 (6th Cir. 2008) (dismissal of claims seeking criminal sanctions under 19 U.S.C. §§ 241 and 242 because a plaintiff has no private right of action under these criminal statutes).

### 6. State Claims Will be Dismissed

Finally, as the federal claims against all of the named defendants will be dismissed in this action; therefore, Gamble's pendent state claims, asserted under Kentucky law, will be dismissed as well. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). When a plaintiff has no federal cause of action, a district court may exercise its discretion to dismiss his pendent state law claims. *Gregory v. Hunt*, 24 F.3d 781 (6th Cir. 1994); s*ee also* 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which the court has original jurisdiction).

For these reasons, Gamble's various claims will be dismissed.

CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

1. Plaintiff Bennie L. Gamble's First Amendment privacy claims are **DISMISSED WITH PREJUDICE**.

2. Gamble's Fourteenth Amendment due process claims are **DISMISSED WITHOUT PREJUDICE**.

3. Gamble's state court claims of infliction of emotional distress, trespass to personal property, conversion, and interference with economic expectations are **DISMISSED WITHOUT PREJUDICE** to Gamble asserting those claims in state court.

4. The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Chanced v. Scarman*, 117 F.3d 949 (6th Cir. 1997).

This April 15, 2010.



Signed By:
*Henry R Wilhoit Jr.*
United States District Judge