UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| BENNIE L. GAMBLE, JR., | ) |
| Plaintiff, | ) Civil Action No. 10-19-HRW |
| V. | ) |
| KEITH HELTON, *et al.*, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendants Keith Helton, Rebecca Lewis, Joseph Meko, and Holly Goodpaster have filed a Motion to Dismiss [D.E. No. 27] and plaintiff Bennie L. Gamble, Jr. has filed his response. [D.E. No. 29] This matter is therefore ready for decision.

Gamble filed this action on February 24, 2010. In his complaint, he alleged that while confined at the Little Sandy Correctional Complex ("LSCC"), several prison officials and an unknown employee of the Sandy Hook, Kentucky, Post Office, mishandled a package that a friend had mailed to him, costing him lost wages and profits from an unidentified business venture and causing him to be convicted of a prison disciplinary offense. Gamble alleged that the defendants had violated his constitutional rights and were liable to him under various state law tort theories, and sought monetary damages.

On April 15, 2010, the Court dismissed Gamble's complaint on initial screening. [D.E. No. 7, 8] Following remand from the Sixth Circuit, on March 26, 2012, the Court ordered the defendants to be served with process. [D.E. No. 19, 20] On May 29, 2012, the defendants moved to dismiss the complaint, arguing that any claims against them in their official capacities were barred by the Eleventh Amendment, and that Gamble had not alleged that he was asserting claims against them in their individual capacities. [D.E. No. 27] Under the Local Rule 7.1(c), Gamble had 21 days in which to respond to that motion. Silence followed.

When Gamble failed to respond, on June 25, 2012, the Court *sua sponte* extended his time to do so, but ordered him to file a **substantive** response to the motion by July 11, 2012. The Order expressly warned him that the Court would dismiss his complaint if he did not. [D.E. No. 28] Instead, on July 6, 2012, Gamble filed - not a substantive explanation of why the defendants were not entitled to relief - but an unadorned copy of the one-page mandate issued by the Sixth Circuit on November 17, 2011, as well as proposed summons forms. [D.E. No. 29] This is clearly not a substantive response to the motion to dismiss, but does suggest his desire that his claims should not be dismissed. The Court will not manufacture arguments on behalf of a plaintiff who is unwilling to make them himself, *Nali v. Ekman*, 355 F. App'x 909, 912 (6th Cir. 2009) (Sutton, J., dissenting); *Superior Kitchen Designs, Inc. v. Valspar Indus. (U.S.A.), Inc.*, 263 F.Supp.2d 140, 148 (D. Mass. 2003), but it

will evaluate the legal sufficiency of the defendants' arguments on their own terms.

To properly allege a constitutional claim against defendants in their individual capacities, a plaintiff must clearly notify them of the potential that they might be held individually liable for the payment of damages. *Rodgers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003); *Shepherd v. Wellman*, 313 F.3d 963, 967–69 (6th Cir. 2002). Gamble's complaint is mute on the capacity in which he sues the defendants, leaving them to guess whether he intends to hold them personally liable for damages on his constitutional and state law claims. But silence alone does not end the inquiry: when the complaint does not speak to the question of capacity, a court must look to the plaintiff's conduct during the course of the proceedings to determine whether his actions gave the defendants fair notice of his intention to hold them personally liable. *Moore v. City of Harriman*, 272 F.3d 769, 772, n.1 (6th Cir. 2001) (*en banc*). A court may consider the nature of the plaintiff's claims, his demands for legal or equitable relief, the nature of any defenses raised in response to the complaint (particularly the defense of qualified immunity), and any subsequent pleadings filed, to determine whether the defendants were put on notice that the plaintiff intended to hold them personally accountable. *Id.*

In *Moore*, the caption on the complaint listed the police officers' names, but not their titles; referred to them throughout as "individual defendants"; alleged that they acted "for themselves and for the City"; and sought compensatory and punitive

damages against "each of the defendants." Finally, in response to the officers' motion to dismiss, Moore "clarified any remaining ambiguity" by stating that the officers were "being sued in their individual capacities." *Id.* at 773. Under those facts, the Sixth Circuit found that Moore had given sufficient notice to the defendants that he intended to sue them in their individual capacities.

In this case, each time Gamble referred to a defendant in the complaint, he linked their name to their respective position at the prison. [D.E. No. 2, pp. 2-5] Gamble did request monetary damages in his complaint, a factor that might place a defendant on notice that he was being sued in his individual capacity. But that factor, standing alone, is usually not sufficient to provide the required notice. *Rodgers*, 344 F.3d at 594; *Shepherd*, 313 F.3d at 967–69. This is particularly so in this case, where Gamble specifically demanded that "the state" - not the individually named defendants - pay him damages for the alleged constitutional violations and reimburse him for his lost wages and profits. [D.E. 2 at 4] This statement strongly suggests only an official-capacity suit. *Rodgers*, 344 F.3d at 594; *Shepherd*, 313 F.3d at 969. Gamble has never suggested otherwise, either through an amended complaint or in any other document filed with the Court.

Gamble has done nothing in these proceedings to put the defendants on notice of his intent to impose personal liability on them, either expressly or by implication, and the defendants are therefore correct that the claims against them are asserted

solely in their official capacities. *Moore*, 272 F.3d at 772; *Lovelace*, 985 F.2d at 850. Because a state official sued in his or her official capacity is merely a proxy for the state, such claims are barred by both the Eleventh Amendment, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), and the terms of 42 U.S.C. § 1983 itself. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). As for Gamble's pendent claims under Kentucky law, the Court declines to exercise jurisdiction over them where it has already dismissed his federal claims. 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Taylor v. First of Am. Bank–Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992). Gamble's state law claims will be dismissed without prejudice to his right to re-assert them in a state court.

Accordingly, **IT IS ORDERED** that:

1. Defendants' motion to dismiss [D.E. No. 27] is **GRANTED**.

2. Gamble's claims under federal law are **DISMISSED WITH PREJUDICE**; his state law claims are **DISMISSED WITHOUT PREJUDICE**.

3. The Court will enter an appropriate judgment.

4. This matter is **STRICKEN** from the Court's active docket.

This 26th day of July, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge